UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN FARREN and JOSEPH FARREN, W/H** | **CIVIL ACTION – LAW** <br> **NO. 2:18-CV-04793-JHS** |
| V. | |
| **BLANE SESSIONS, M.D.** | **JURY TRIAL DEMANDED** |

## ORDER

**AND NOW**, this _____ day of _____ 2019, upon consideration of the Motion of Defendant, Blane Sessions, M.D., to Dismiss Plaintiffs' Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED**. Plaintiffs' Complaint is **DISMISSED**, with prejudice, for failure to timely effectuate service within ninety (90) days of filing this action.

**BY THE COURT:**

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLYN FARREN and JOSEPH FARREN, W/H | CIVIL ACTION – LAW NO. 2:18-CV-04793-JHS |
|---|---|
| V. | |
| BLANE SESSIONS, M.D. | JURY TRIAL DEMANDED |

## ALTERNATIVE ORDER

**AND NOW**, this _____ day of _____ 2019, upon consideration of the Motion of Defendant, Blane Sessions, M.D., to Dismiss Plaintiffs' allegations and claim for punitive damages, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED**. Plaintiffs' allegations and claim for punitive damages are **DISMISSED** from Plaintiffs' Complaint, with prejudice.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLYN FARREN and JOSEPH FARREN, W/H | CIVIL ACTION – LAW NO. 2:18-CV-04793-JHS |
|---|---|
| V. | |
| BLANE SESSIONS, M.D. | JURY TRIAL DEMANDED |

**MOTION OF DEFENDANT, BLANE SESSIONS, M.D., TO DISMISS PURSUANT TO F.R.C.P. 12(b)(5)-(6)**

Defendant, Blane Sessions, M.D., by and through his attorneys, Kilcoyne & Nesbitt, LLC, hereby submits the following Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5)-(6):

**MOTION TO DISMISS FOR
FAILURE TO TIMELY SERVE PLAINTIFFS' COMPLAINT**

1. Plaintiffs commenced this medical malpractice lawsuit by filing a Complaint in the Eastern District of Pennsylvania on November 6, 2018. See Plaintiffs' Complaint, attached hereto as Exhibit "A."

2. Plaintiffs allege that Defendant, Blane Sessions, M.D., performed "improper and unnecessary surgery" on Plaintiff's right wrist on March 10, 2017. See Exhibit "A," ¶ 10.

3. Plaintiffs claim that venue and jurisdiction are proper in Federal Court based upon diversity of citizenship, and that the amount in controversy exceeds $75,000.

4. In accordance with Federal Rule of Civil Procedure 4(m), Plaintiffs were required to effectuate service within ninety (90) days of filing the Complaint – on or before February 4, 2019 – or Plaintiffs' Complaint would be invalidated. See Service Deadline, attached hereto as Exhibit "B"; F.R.C.P. 4(m).

5. Well after the expiration of the ninety (90) day service deadline, on or about March

7, 2019, Plaintiffs sent Defendant, Blane Sessions, M.D., via certified letter, a copy of the Complaint. See March 7, 2019 letter, attached hereto as Exhibit "C."

6. According to the docket, Plaintiffs did not attempt service on Defendant at any point prior to the February 4, 2019 deadline. See a true and correct copy of the dockets for Case No. 2:18-CV-04793-JHS, attached hereto as Exhibit "D."

7. Without evidence to the contrary on the dockets, Plaintiffs cannot set forth a "good cause" for the failure to timely serve the Complaint. See F.R.C.P. 4(m).

8. Additionally, Plaintiffs failed to toll the statute of limitations with their November 6, 2018 Complaint given their failure to timely serve the Defendant by February 4, 2019. See Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice").

9. Since Plaintiffs did not serve the Complaint timely, and the statute of limitations expired on March 11, 2019, Plaintiffs' Complaint, and this action, must be dismissed. See F.R.C.P. 4(m).

**WHEREFORE**, Defendant, Blane Sessions, M.D., respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint for failure to timely effectuate service.

### IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES IN THE COMPLAINT

10. Alternatively, should this Court determine that service was properly effectuated, any claims for punitive damages must be dismissed, with prejudice.

11. Federal Rule of Civil Procedure 12(b)(6) permits the Court to grant dismissal of a claim for failure to state a claim upon which relief can be granted. See F.R.C.P. 12(b)(6).

12. Plaintiffs' Complaint is comprised of three counts, including negligence and

informed consent (battery) claims by Carolyn Farren, and a loss of consortium claim by Joseph Farren.

13. In Plaintiffs' informed consent (battery) cause of action, Plaintiffs requested both "compensatory and punitive damages," and asserted allegations of punitive damages, including that Dr. Sessions "acted wantonly, willfully and maliciously and with reckless disregard for the well-being of plaintiff's decedent (sic), solely for his personal professional and financial benefit, thus warranting the imposition of punitive damages. See Exhibit "A," ¶ 25.

14. In cases of diversity jurisdiction filed in Federal Court, state substantive law applies. See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000), citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

15. Under Pennsylvania Law, to support a claim for punitive damages, plaintiff must allege facts demonstrating that defendant's conduct was grossly negligent, reckless, outrageous or malicious. See Moran v. G. & W.H. Corson, 586 A.2d 416 (Pa. Super. 1991) (a claim for punitive damages cannot proceed if the plaintiff fails to establish sufficient evidence showing the culpable mental state necessary to prove that reckless and indifferent conduct permitted a jury award).

16. Mere negligence, or even gross negligence, is insufficient to support an award of punitive damages. 40 P.S. 1303.505(b); Williams v. Syed, 782 A.2d 1090 (Pa. Commw. Ct. 2001).

17. Punitive damages are appropriate "only in cases of outrageous behavior, where the defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others." Williams, 782 A.2d at 1096.

18. Pennsylvania courts have made it clear that "reckless indifference," the standard for imposing punitive damages under the Restatement (Second) of Torts, section 908, requires a more culpable mental state of conscious indifference to the safety of another. Martin v. Johns-

Mansville, 494 A.2d 1088 (Pa. 1985).

19. An actor's conduct is in reckless disregard of the safety of another if he does an act intentionally, fails to do an act which it is his duty to do or knowing or having a reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702 (Pa. 1991) (citing § 500 of the Restatement (Second) of Torts) (emphasis added); McClellan v. HMO of Pennsylvania, 604 A.2d 1053, 1061 (Pa. Super. 1992) (an actor is guilty of reckless indifference when he "has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow"). "Indifference to a known risk under Restatement (Second) of Torts § 500 is close to an intentional risk from a known danger." Id. at 704.

20. Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence. Restatement (Second) of Torts §908, comment (b).

21. To assert a claim for punitive damages, plaintiff would have to show that the defendant knew, or should have known, of the plaintiff's allegations, yet intentionally or recklessly disregarded them in order to inflict injury. See Dean v. Cmty. Med. Ctr., 46 Pa. D. & C. 4th 334 (Ct. Com. Pl. 2000).

22. Recognizing that punitive damages are an extreme penalty to be imposed only in extreme circumstances, Pennsylvania courts have permitted punitive damages in medical malpractice actions in situations where the defendant's conduct is directly related to the injury

producing the cause of action. For example, punitive damages were permissible when an anesthesiologist abandoned a patient on the operating room table. See Medvecz v. Choi, 569 F.2d 1221 (3d Cir. 1987). Another example of a case warranting punitive damages occurred when an emergency room physician ignored a crying and immobile patient who waited in the emergency room for hours without receiving treatment. See Hoffman v. Memorial Osteopathic Hosp., 492 A.2d 1382 (Pa. Super. 1985). See also Guernsey v. County Living Personal Care Home, Inc., 2006 WL 1412765 (M.D. Pa. 2006) (nursing home officials who allowed resident to have access to the room of an 86 year old Alzheimer's patient where he repeatedly raped her, even though nursing home was aware that resident was a sexual offender under Megan's Law, and his prior instances of grabbing and kissing staff); Lawrence v. Kunkle, 75 D. & C. 4th 370 (Ct. Com. Pl. Lanc. Co. 2005) (physician who refused to perform emergency surgery because patient did not have medical insurance even though physician knew that patient would likely suffer permanent neurologic and functional deficits if surgery was delayed); Zazzera v. Roche, 54 D. & C. 4th 225, 232 (Ct. Com. Pl. Lacka. Co. 2001) (surgeon who knew from results of pre-operative testing that patient's right carotid artery was stenosed and required surgery, but who nevertheless proceeded to perform endarterectomy on healthy left carotid artery).

23. Pennsylvania Courts have also often denied plaintiff's requests for punitive damages. See Mancini v. Yavorek, 61 D. & C. 4th 1 (Ct. Com. Pl. Northumberland Co. 2003) (patient who was injured by surgical sponges left in her pelvic region could not recover punitive damages from physician who had dictated a note stating that all sponge and instrument counts were correct and who had received x-ray report showing presence of foreign object in patient's pelvis). See also Russo v. Connors, No. 00 CV 1522, Mazzoni, J., (Ct. Com. Pl. Lacka. Co. 2001) (dismissing punitive damages claim which was predicated upon averments that physician failed to

conduct appropriate testing and consider "well-documented risks and side effects of hormones" before administering hormone replacement therapy for low testosterone level).

24. In Plaintiffs' Complaint, Plaintiffs failed to support their allegations of "wanton, willful and malicious" conduct, and request for punitive damages, with specific facts that would give rise to an actionable claim for punitive damages. See Dean, 46 Pa. D. & C. 4th at 342.

25. Therefore, as a result of Plaintiffs' failure to plead the necessary facts to support a claim of punitive damages against Dr. Sessions, Plaintiffs' allegations and claim for punitive damages must be dismissed, with prejudice.

**WHEREFORE**, Defendant, Blane Sessions, M.D., respectfully requests that this Honorable Court dismiss Plaintiffs' allegations and claim for punitive damages, with prejudice.

Respectfully Submitted,

**KILCOYNE & NESBITT, LLC**

BY: _____
JAMES P. KILCOYNE, ESQUIRE
JACQUELINE R. DRYGAS, ESQUIRE
JOSHUA M. NEUMAN, ESQUIRE
Atty. I.D. Nos. 33070 / 93146 / 322648
Kilcoyne & Nesbitt, LLC
925 Harvest Drive, Suite 200
Blue Bell, Pennsylvania 19422
Tel:   610.825.2833
Fax:  610.825.3222
**Attorneys for Defendant,**
**Blane Sessions, M.D.**

Date: 4/16/19

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLYN FARREN and JOSEPH FARREN, W/H | CIVIL ACTION – LAW NO. 2:18-CV-04793-JHS |
|---|---|
| V. | |
| BLANE SESSIONS, M.D. | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT, BLANE SESSIONS, M.D., TO DISMISS PURSUANT TO F.R.C.P. 12 (b)(5)-(6)**

**I.   MATTER BEFORE THE COURT**

Defendant, Blane Sessions, M.D., by and through his attorneys, Kilcoyne & Nesbitt, LLC, hereby submits the following Brief in Support of the Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5)-(6).

**II.   STATEMENT OF QUESTIONS INVOLVED**

**A. Should the Court dismiss Plaintiffs' Complaint for Plaintiffs' failure to timely effectuate service?**

*Suggested answer:*   **Yes.**

**B. Alternatively, should the Court strike Plaintiffs' allegations and claim for punitive damages?**

*Suggested answer:*   **Yes.**

**III.   FACTS**

Plaintiffs commenced this medical malpractice lawsuit by filing a Complaint in the Eastern District of Pennsylvania on November 6, 2018. See Plaintiffs' Complaint, attached hereto as Exhibit "A." Plaintiffs allege that Defendant, Blane Sessions, M.D., performed "improper and unnecessary surgery" on Plaintiff's right wrist on March 10, 2017. See Exhibit "A," ¶ 10. Plaintiffs claim that venue and jurisdiction are proper in Federal Court based upon diversity of citizenship, and that the amount in controversy exceeds $75,000.

For the following reasons Plaintiffs' Complaint, and this action, must be dismissed.

## IV. ARGUMENT

### A. The Court should dismiss Plaintiffs' Complaint for Plaintiffs' failure to timely effectuate service.

In accordance with Federal Rule of Civil Procedure 4(m), Plaintiffs were required to effectuate service within ninety (90) days of filing the Complaint – on or before February 4, 2019 – or Plaintiffs' Complaint would be invalidated. See Service Deadline, attached hereto as Exhibit "B"; F.R.C.P. 4(m).

Well after the expiration of the ninety (90) day service deadline, on or about March 7, 2019, Plaintiffs sent Defendant, Blane Sessions, M.D., via certified letter, a copy of the Complaint. See March 7, 2019 letter, attached hereto as Exhibit "C." According to the docket, Plaintiffs did not attempt service on Defendant at any point prior to the February 4, 2019 deadline. See a true and correct copy of the dockets for Case No. 2:18-CV-04793-JHS, attached hereto as Exhibit "D." Without evidence to the contrary on the dockets, Plaintiffs cannot set forth a "good cause" for the failure to timely serve the Complaint. See F.R.C.P. 4(m).

Additionally, Plaintiffs failed to toll the statute of limitations with their November 6, 2018 Complaint given their failure to timely serve the Defendant by February 4, 2019. See Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice"). Since Plaintiffs did not serve the Complaint timely, and the statute of limitations expired on March 11, 2019, Plaintiffs' Complaint, and this action, must be dismissed. See F.R.C.P. 4(m).

### B. In the alternative, the Court should strike Plaintiffs' allegations and claim for punitive damages.

Alternatively, should this Court determine that service was properly effectuated, any claims for punitive damages must be dismissed, with prejudice. Federal Rule of Civil Procedure 12(b)(6) permits the Court to grant dismissal of a claim for failure to state a claim upon which relief can be granted. See F.R.C.P. 12(b)(6).

Plaintiffs' Complaint is comprised of three counts, including negligence and informed consent (battery) claims by Carolyn Farren, and a loss of consortium claim by Joseph Farren. In Plaintiffs' informed consent (battery) cause of action, Plaintiffs requested both "compensatory and punitive damages," and asserted allegations of punitive damages, including that Dr. Sessions "acted wantonly, willfully and maliciously and with reckless disregard for the well-being of plaintiff's decedent (sic), solely for his personal professional and financial benefit, thus warranting the imposition of punitive damages. See Exhibit "A," ¶ 25.

In cases of diversity jurisdiction filed in Federal Court, state substantive law applies. See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000), citing Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Pennsylvania Law, to support a claim for punitive damages, plaintiff must allege facts demonstrating that defendant's conduct was grossly negligent, reckless, outrageous or malicious. See Moran v. G. & W.H. Corson, 586 A.2d 416 (Pa. Super. 1991) (a claim for punitive damages cannot proceed if the plaintiff fails to establish sufficient evidence showing the culpable mental state necessary to prove that reckless and indifferent conduct permitted a jury award).

Mere negligence, or even gross negligence, is insufficient to support an award of punitive damages. 40 P.S. 1303.505(b); Williams v. Syed, 782 A.2d 1090 (Pa. Commw. Ct. 2001). Punitive damages are appropriate "only in cases of outrageous behavior, where the defendant's egregious conduct shows either an evil motive or reckless indifference to the rights of others."

Williams, 782 A.2d at 1096. Pennsylvania courts have made it clear that "reckless indifference," the standard for imposing punitive damages under the Restatement (Second) of Torts, section 908, requires a more culpable mental state of conscious indifference to the safety of another. Martin v. Johns-Mansville, 494 A.2d 1088 (Pa. 1985).

An actor's conduct is in reckless disregard of the safety of another if he does an act intentionally, fails to do an act which it is his duty to do or knowing or having a reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702 (Pa. 1991) (citing § 500 of the Restatement (Second) of Torts) (emphasis added); McClellan v. HMO of Pennsylvania, 604 A.2d 1053, 1061 (Pa. Super. 1992) (an actor is guilty of reckless indifference when he "has intentionally done an act of an unreasonable character, in disregard to a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow"). "Indifference to a known risk under Restatement (Second) of Torts § 500 is close to an intentional risk from a known danger." Id. at 704.

Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence. Restatement (Second) of Torts §908, comment (b). To assert a claim for punitive damages, plaintiff would have to show that the defendant knew, or should have known, of the plaintiff's allegations, yet intentionally or recklessly disregarded them in order to inflict injury. See Dean v. Cmty. Med. Ctr., 46 Pa. D. & C. 4th 334 (Ct. Com. Pl. 2000).

Recognizing that punitive damages are an extreme penalty to be imposed only in extreme circumstances, Pennsylvania courts have permitted punitive damages in medical malpractice

actions in situations where the defendant's conduct is directly related to the injury producing the cause of action. For example, punitive damages were permissible when an anesthesiologist abandoned a patient on the operating room table. See Medvecz v. Choi, 569 F.2d 1221 (3d Cir. 1987). Another example of a case warranting punitive damages occurred when an emergency room physician ignored a crying and immobile patient who waited in the emergency room for hours without receiving treatment. See Hoffman v. Memorial Osteopathic Hosp., 492 A.2d 1382 (Pa. Super. 1985). See also Guernsey v. County Living Personal Care Home, Inc., 2006 WL 1412765 (M.D. Pa. 2006) (nursing home officials who allowed resident to have access to the room of an 86 year old Alzheimer's patient where he repeatedly raped her, even though nursing home was aware that resident was a sexual offender under Megan's Law, and his prior instances of grabbing and kissing staff); Lawrence v. Kunkle, 75 D. & C. 4th 370 (Ct. Com. Pl. Lanc. Co. 2005) (physician who refused to perform emergency surgery because patient did not have medical insurance even though physician knew that patient would likely suffer permanent neurologic and functional deficits if surgery was delayed); Zazzera v. Roche, 54 D. & C. 4th 225, 232 (Ct. Com. Pl. Lacka. Co. 2001) (surgeon who knew from results of pre-operative testing that patient's right carotid artery was stenosed and required surgery, but who nevertheless proceeded to perform endarterectomy on healthy left carotid artery).

Pennsylvania Courts have also often denied plaintiff's requests for punitive damages. See Mancini v. Yavorek, 61 D. & C. 4th 1 (Ct. Com. Pl. Northumberland Co. 2003) (patient who was injured by surgical sponges left in her pelvic region could not recover punitive damages from physician who had dictated a note stating that all sponge and instrument counts were correct and who had received x-ray report showing presence of foreign object in patient's pelvis). See also Russo v. Connors, No. 00 CV 1522, Mazzoni, J., (Ct. Com. Pl. Lacka. Co. 2001) (dismissing

punitive damages claim which was predicated upon averments that physician failed to conduct appropriate testing and consider "well-documented risks and side effects of hormones" before administering hormone replacement therapy for low testosterone level).

In Plaintiffs' Complaint, Plaintiffs failed to support their allegations of "wanton, willful and malicious" conduct, and request for punitive damages, with specific facts that would give rise to an actionable claim for punitive damages. See Dean, 46 Pa. D. & C. 4th at 342. Therefore, as a result of Plaintiffs' failure to plead the necessary facts to support a claim of punitive damages against Dr. Sessions, Plaintiffs' allegations and claim for punitive damages must be dismissed, with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendant, Blane Sessions, M.D., respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint for failure to timely effectuate service, or in the alternative, strike Plaintiffs' allegations and claim for punitive damages.

Respectfully Submitted,

**KILCOYNE & NESBITT, LLC**

BY: _____
JAMES P. KILCOYNE, ESQUIRE
JACQUELINE R. DRYGAS, ESQUIRE
JOSHUA M. NEUMAN, ESQUIRE
Atty. I.D. Nos. 33070 / 93146 / 322648
Kilcoyne & Nesbitt, LLC
925 Harvest Drive, Suite 200
Blue Bell, Pennsylvania 19422
Tel:    610.825.2833
Fax:   610.825.3222
**Attorneys for Defendant,**
**Blane Sessions, M.D.**

Date: 4/16/19

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CAROLYN FARREN and JOSEPH FARREN, W/H | CIVIL ACTION – LAW NO. 2:18-CV-04793-JHS |
|---|---|
| V. | |
| BLANE SESSIONS, M.D. | JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Joshua M. Neuman, Esquire, hereby certify that a true and correct copy of the Motion of Defendant, Blane Sessions, M.D., to dismiss Plaintiffs' Complaint for failure to timely effectuate service, or in the alternative, strike Plaintiffs' allegations and claim for punitive damages, was forwarded to all counsel of record via the electronic filing system and U.S. Mail, postage prepaid, on the date listed below upon the following:

Thomas F. Sacchetta, Esquire
Sacchetta & Baldino
308 E. Second St.
Media, PA 19063

**KILCOYNE & NESBITT, LLC**

BY: _____
JOSHUA M. NEUMAN, ESQUIRE
Atty. I.D. No. 322648
Kilcoyne & Nesbitt, LLC
925 Harvest Drive, Suite 200
Blue Bell, Pennsylvania 19422
Tel:   610.825.2833
Fax:  610.825.3222
**Attorney for Defendant,
Blane Sessions, M.D.**

Date: 4/16/19